Rafael E. BENNETT et al., Appellants,

v.

The PANAMA CANAL COMPANY.

No. 71-1522.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 31, 1972.

Decided Jan. 31, 1973.

Stanley B. Gruber, New York City, of the Court of Appeals of New York, pro hac vice, by special leave of court, for appellants. A. Fred Freedman, Washington, D. C., and Abraham E. Freedman, New York City, were on the brief, for appellants.

George M. Beasley, III, Atty., Dept. of Justice with L. Patrick Gray, III, Asst. Atty. Gen., at the time the brief was filed, Thomas A. Flannery, U. S. Atty. at the time the brief was filed, and Alan S. Rosenthal, Atty. Dept. of Justice, were on the brief, for appellee.

Before McGOWAN and ROBB, Circuit Judges, and WYZANSKI*, Senior United States District Judge for the District of Massachusetts.

WYZANSKI, Senior District Judge.

This is a class action brought on behalf of approximately 800 linehandlers employed by Panama Canal Company. Appellants complain that appellee did not pay them wages at the level required by 5 U.S.C. § 5342(b), which they say directs that all "vessel employees" of appellee be paid in accordance with wage practices of the maritime industry. Appellants seek as relief three years of back wages and an injunction ordering that hereafter wages be paid at the statutory rate.

The District Court, Gesell J., in a characteristically able and pithy opinion, (*see* Learned Hand, The Spirit of Liberty (1952), Charles Neave, pp. 156–157) found these as facts.

When a vessel passes through the Panama Canal a crew of eight to twelve linehandlers is put aboard at different stages of transit to handle lines for towing and positioning the vessel. This task requires skill and training, is hazardous, and is highly specialized. Linehandlers on a ship are in contact with linehandlers on shore who hand lines to the towing machinery or belay. The ship linehandlers work under the direction of a boatswain or instruction from the Canal Officers, but are also under general supervision of the vessel's regular officers.

Appellee determines the linehandlers' wages hourly on the basis of local wages in the Panama Canal Zone. The rate is above the minimum required by the Fair Labor Standards Act. Appellee has changed that rate from time to time after periodic review in the light of local conditions. However, these rates have been only a fraction of the straight-time monthly pay received by able-bodied seamen in the maritime industry. Overtime rates are similarly disparate.

Appellants contend that they are "vessel employees" within the coverage of 5 U.S.C. § 5342(b), and that that statute must be given mandatory effect.

The District Court held that appellants perform a unique function and that there is no wage practice of the

*Sitting by designation pursuant to Title 28, U.S.C. § 294(d).

maritime industry applicable to them. Supporting the first of those conclusions, the court noted that, unlike ordinary seamen, appellants do not go to sea, have more regular hours and stabler work conditions, and need not develop the variety of skills required of those who work at sea under wholly different conditions. The court further held that since there is not any wage practice of the maritime industry for linehandlers, appellee necessarily established its own pay level for them, and that appellee had proceeded in a far from arbitrary fashion inasmuch as the rates were in line with blue-collar labor rates and were occasionally carefully reviewed. Summarizing, Judge Gesell concluded that appellee had not been shown to have violated 5 U.S.C. § 5342(b).

We agree. The district court's findings of fact are supported by substantial evidence. U.S.C. § 5342(b) does not require appellee to pay appellants in accordance with the wage practices of the maritime industry. The statute provides that "the employees of the Panama Canal Company may be paid in accordance with the wage practices of the maritime industry." Ordinarily "may" is a permissive not a mandatory term. Farmers & Merchants Bank v. Federal Reserve Bank, 262 U.S. 649, 662, 43 S.Ct. 651, 67 L.Ed. 1157 (1923); John Reiner & Co. v. United States, 325 F.2d 438, 441, 163 Ct.Cl. 381, 388 (Ct.Cl.1963). Here the permissive interpretation is conclusively proven to be correct not merely by the fact that when in the same statute Congress intended a mandatory direction it used the auxiliary "shall" not "may"—a contrast which is generally significant, see United States v. Tapor-Ideal Dairy Co., 175 F.Supp. 678, 682 (N.D.Ohio, 1959), aff'd 283 F.2d 869 (6th Cir. 1960), but also the legislative history of the statute. In 1959 the Fifth Circuit had distinguished between "may"

and "shall" in determining whether Canal Zone pilots holding security positions were to be paid rates related to those of similar government employees of the United States. Reinheimer v. Panama Canal Co., 413 F.2d 153 (5th Cir. 1969) [interpreting 2 C.Z.C. 144 (b)]. The court held that the auxiliary "may" was to be given a permissive interpretation. This holding was drawn to Congress's attention by persons who in matters cognate to this case represented appellants, or at least the labor organization to which appellants belonged. Despite efforts of those persons, Congress declined to substitute "shall" for "may." See H.R. 9092, 92nd Cong. 1st Ses.; S.Rep. No. 758, 92nd Cong., 2nd Sess. 6; Cong.Rep. No. 92, 1275 92nd Cong., 2d Sess. 3 (1972). (1972; 5 U.S.C. § 5342(b). In full awareness of the discretionary character of the auxiliary verb "may" as used in 5 U.S.C. § 5342(b), and of the judicial interpretation which was in accord with that discretionary character, Congress reenacted the statute unchanged. That sewed up whatever loose ends might have been thought to have been previously left to pull. See Judge Gesell's second starred footnote in his opinion in the District Court. We also consider the almost irrebuttable presumption which followed from reenactment with knowledge. Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 319, 76 S.Ct. 752, 2 L.Ed.2d 788 (1958). The defeat sustained in the halls of Congress is not to be undone by an unwarranted victory in the halls of Justice. The statute remains, as it was intended by Congress to be, permissive not compulsory.

There are other points raised which we prefer not to discuss inasmuch as they are unnecessary to dispose of appellants' case which has already sustained a mortal wound.

Affirmed.